**Walter T. THOMPSON, Plaintiff,**

v.

**Mark BATTLE et al., Defendants.**

**No. 70 C 2014.**

United States District Court,
N. D. Illinois, E. D.

Sept. 20, 1971.

Walter T. Thompson, pro se.

Ellis E. Reid, McCoy, Ming & Black, Chicago, Ill., for all defendants.

Caryl P. Bonotto, Kirkland & Ellis, Chicago, Ill., Co-Counsel for defendant Mark Sandground.

Joseph B. Lederleitner, Pretzel, Stouffer, Nolan & Rooney, Chicago, Ill., Co-Counsel for defendant A. Fred Freedman.

## MEMORANDUM OPINION AND ORDER

PARSONS, District Judge.

This is an action for damages by plaintiff, Walter T. Thompson, suing on his own behalf, against both Major Enterprises, Inc., of the District of Columbia, and Major Enterprises, Inc., of the State of Delaware, and several of said corporations' directors and officers, based on alleged violations of federal securities laws. The claim purportedly arises out of transactions occurring therein and subsequent to a May 1969 Chicago meeting held by defendants and to which plaintiff and other prospective buyers were invited. Plaintiff alleges, *inter alia,* fraud, misrepresentation, the use of false and misleading statements, and unjust enrichment of the various defendants in violation of the Securities Act of 1933, § 12(2), 15 U.S.C. § 77 *l*(2); Securities Exchange Act of 1934, § 10(b), 15 U.S.C. § 78j(b), and SEC Regulation 10b–5, 17 C.F.R. 240.10b–5. Jurisdiction for the statutory claims is based on 15 U.S.C. § 77v(a) and 15 U. S.C. § 78aa.

Defendants Mark Battle, A. Fred Freedman, Clement Theodore Cooper, Mark Sandground, Daniel Harley, Robert E. Krisoff, Adolph J. Slaughter, Desmond H. Sealy, Marion R. Harris and Willie P. Freeman move the Court to quash service and to dismiss the action for lack of personal jurisdiction.

In Drake v. Thor Power Tool Company, 282 F.Supp. 94, 97 (N.D.Ill.1967), I observed that "whether Congress intended that an implied private civil remedy exists with reference to 10(b), 15 U.S.C. § 78j, and Rule 10b–5 is questionable. [citations omitted.] Nevertheless, beginning with Judge Kirkpatrick's opinion in Kardon v. National Gypsum Co., 73 F.Supp. 798 (E.D.Pa.1947) the courts have consistently found that Section 10 (b) and Rule 10b–5 imply a remedy for private relief. The issue is no longer raised in litigation." (citations omitted.) That the 1933 Securities Act was drafted for the protection of buyers, while the 1934 Securities Exchange Act extended protection to sellers, is already well settled. *Id.* at 99. Following the *Kardon* decision, the question arose as to whether 10b–5 applied only to sellers, or to both sellers and buyers. *Id.*

I concluded after my extensive discussion of that question in Drake v. Thor Power Tool Company, *supra,* at 103, 104, that the Securities Exchange Act of 1934 applied to securities trading as contrasted to securities distribution, and, in that context, the anti-fraud provisions, including § 10(b) prohibiting use of manipulative or deceptive devices or contrivances, and Rule 10b–5 describing in detail certain unlawful actions in relation to securities, applied equally to fraudulent sellers and buyers. In addition, Section 10(b) and Rule 10b–5 were aimed at prohibiting fraudulent schemes in trading in securities and were designed in protecting both investors and the public interest. Plaintiff, as an investor and buyer, falls within the penumbra of those conclusions.

Defendants do not challenge plaintiff's right to bring this civil action, but only challenge the service of process.

As stated in Securities and Exchange Com'n v. Dumont Corporation, 49 F.R.D. 342, 344 (S.D.N.Y.1969):

> "When service of process is challenged, the court is faced with answering two principal questions. Is the court authorized to allow plaintiff to serve an out-of-state defendant? If so, was the manner of service proper?"

In the case before the Court, the answer to both questions is yes, because a federal statute authorizes nationwide service in this type of action and because the manner of service conformed to the manner prescribed in Rule 4(e).

██ Jurisdiction of this action is based on the Securities Act of 1933, § 22(a), 15 U.S.C. § 77v(a), and the Securities Exchange Act of 1934, § 27, 15 U.S.C. § 78aa, which authorize extraterritorial service of process on nonresident defendants in any district of which defendant is an inhabitant. Cooper v. North Jersey Trust Company, 250 F. Supp. 237 (S.D.N.Y.1965).

Defendants have been served in the district in which they were found, i. e., the District of Columbia.

██ The only remaining question is whether the manner of service was proper. Neither of the two aforementioned federal statutes authorizing extraterritorial service prescribe the manner of service. In such a case the manner must be in accordance with the Federal Rules. Rule 4(e) states:

> "Whenever a statute of the United States * * * provides for service of a summons * * * upon a party not an inhabitant of or found within the state in which the district court is held, service may be made under the circumstances and in the manner prescribed by the statute * * * or, if there is no provision therein prescribing the manner of service, in a manner stated in this rule. * * *"

██ When a defendant has not been personally served, as in the case before this Court, Rule 4(d) (7) governs, which allows the summons and complaint to follow the manner prescribed by the state law in which the district court is held. Here, that means Illinois State law. Service of process was made by plaintiff in accordance with both the dictates of the Civil Practice Act of 1933, Ill.Rev.Stat.1971, ch. 110, § 1, and the provision of the Illinois Securities Law of 1953, Ill.Rev.Stat.1971, ch. 121½, § 137.10(B) (2).

Chapter 110, Section 1, of the Civil Practice Act of 1933, *supra,* states in part that " * * * In all those proceedings [proceedings in which the procedure is regulated by separate statutes] the separate statutes control to the extent to which they regulate procedure, but this Act applies as to matters of procedure not so regulated by separate statutes. * * *"

Section 137.10(B) (2), a provision of the Illinois Securities Law of 1953, *supra,* which is a separate statute regulating its own procedure, states in part that "service of process under this Subsection 10(B) shall be made by serving a copy upon the Secretary of State or any employee in his office designated by him to accept such service for him, provided notice of such and a copy of the process are, within ten days thereafter, sent by registered mail by the plaintiff to the defendant, at the last known address of the said defendant, . . . ."

Since plaintiff complied with these statutory provisions, service was proper.

Defendants also contend that the allegations in the amended complaint are not sufficient contact with this forum district to give the Court jurisdiction.

██ In matters involving jurisdictional disputes, each count of the complaint must be considered separately. Jack O'Donnell Chevrolet, Inc. v. Shankles, 276 F.Supp. 998 (N.D.Ill.1967).

Basically, the allegations in Count I of the complaint are (1) that at a 1969 Chicago meeting defendants knowingly

and falsely represented to plaintiff and others that Major Enterprises, Inc. of Delaware was raising capital through a private placement of stock and intended to go public within 180 days, (2) that defendants, by the use and means of instrumentalities of interstate commerce, sent a letter accompanied by a descriptive brochure and a stock subscription form, both containing misrepresentations, to plaintiff from Washington, D. C., (3) that through the false promises contained in the letter defendants solicited and obtained a stock subscription from plaintiff, and (4) that an invitation to become a member of the Advisory Board of Directors of Major Enterprises, Inc. of Washington, D. C. was part of a scheme employed by defendants in connection with the sale, and operated as a fraud upon plaintiff, causing him, in reliance thereon, to sign a stock subscription and pay a sum certain in money to defendants.

Count II alleges essentially the same matters and further alleges (1) that these fraudulent acts committed during the course of selling and issuing securities were harmful to both Major Enterprises, Inc. of Delaware and Major Enterprises, Inc. of Washington, D. C., in that both corporations as a result became insolvent, and were thus harmful to plaintiff as an investor, and (2) that defendants' use of the mails to circulate untrue statements of material facts was a part of a conspiracy to defraud investors.

Count III is very similar to the other counts, but further alleges (1) that upon learning of the fraud plaintiff returned the securities, cancelled his stock subscription and requested a refund of his monetary investment, (2) that defendants subsequently mailed an invalid stock certificate replacement to plaintiff, and (3) that plaintiff returned the invalid stock certificate replacement and again requested a refund, but defendants unjustly retained both the stock subscribed and his monetary investment.

"The law does not require that the violative act or acts form the core of the claim. All that is required is but one act within the forum district which represents more than an immaterial part of the allegedly illegal events." Puma v. Marriott, 294 F.Supp. 1116, 1120 (D. Del.1969); Bath Industries, Inc. v. Blot, 427 F.2d 97, 114 (7th Cir. 1970). The meeting, the mailing of the brochure and stock subscription, the sale and the subsequent mailing of the invalid stock certificate replacement were all vital acts of the alleged scheme to defraud employed by defendants and are, therefore, sufficient contact with the forum district to subject defendants to the personal jurisdiction of this Court. The contact is such that it does not offend fundamental principles of fair play and justice to subject defendants to this Court's jurisdiction. It was no inconvenience for defendants to traverse the great distance between the State of Illinois and Washington, D. C., in order to cause an Illinois citizen economic injury. Therefore, it should be no inconvenience to return and give an accounting for these alleged misdeeds of theirs.

Accordingly, it hereby is adjudged, ordered and decreed that plaintiff's motion for an order placing this cause on the active calendar of this Court be granted. It is further ordered that defendants' motion to quash service of summons be denied.