Lawrence G. BURKHART et al.,
Plaintiffs,

v.

ALLSON REALTY TRUST et al.,
Defendants.

No. 73 C 248.

United States District Court,
N. D. Illinois, E. D.

Sept. 27, 1973.

McBride, Baker, Wienke & Schlosser, Chicago, Ill., for plaintiffs.

Cooney & Stenn, Jenner & Block, Clarence M. Dunagan, Pretzel, Stouffer, Nolan & Rooney, Marogos, Richter & Russell, John Narusis, Jr., Chicago, Ill., for defendants.

## MEMORANDUM OPINION

AUSTIN, District Judge.

This is a class action brought under a four count complaint to recover actual and punitive damages for alleged violations of: (1) the registration requirements of the Securities Act of 1933 [15 U.S.C.A. §§ 77e and 77l]; (2) the antifraud provisions of the Securities Act of 1933 [15 U.S.C.A. §§ 77l(2) and 77q(a)], the Securities Exchange Act of 1934 [15 U.S.C.A. § 78b] and Rule 10B–5 thereunder [17 CFR 240.10b–5]; (3) the registration requirements and antifraud provisions of the Illinois Securities Law of 1953 [S.H.A. ch. 121½, §§ 137.5, 137.4, subd. G and 137.12, subds.

A, B, D, F, G and I]; and (4) for common law fraud. Plaintiffs were the purchasers of shares of a real estate investment trust. Defendants are the issuer, the management company, and various persons connected to the sale of the securities.

On May 11, 1973 defendants' motion to dismiss the complaint was granted, and plaintiffs were given leave to file an amended complaint. This was done on May 18. Four of the eleven defendants filed an answer to the amended complaint; defendants Charles Anderson and William Alles III have yet to respond; and the others renewed their motions to dismiss. Disposition of these motions is the subject of this opinion. Issues which are common to the motions of defendants Wax, Wolk, and Wolk & Company, Inc. shall be dealt with first, followed by miscellaneous matters.

## MOTIONS TO DISMISS COUNT I

Count I of the amended complaint basically alleges that defendants sold unregistered securities to plaintiffs, and in so doing, made use of instruments of interstate transportation or communication. Furthermore, it alleges that Wax, Wolk and Wolk & Company, Inc. exerted control over Allson (the alleged issuer and probable seller of the securities) and Eagle (an alleged underwriter). Those three defendants now move to dismiss Count I in that it fails to state a claim against them upon which relief can be granted. For the following reasons, the motions should be denied.

It is unlawful to use instruments of interstate transportation or communication in connection with the sale of an unregistered security. 15 U.S.C.A. § 77e(a)(1). Any person who offers or sells a security in violation of Section 77e may be held liable to the purchaser to the extent of the consideration paid plus interest less income received. 15 U.S.C.A. § 77l(1). Furthermore, joint and several liability attaches to any person who controlled the seller in Section

77*l*. 15 U.S.C.A. § 77*o*. Because Count I alleges that the moving defendants controlled the seller of unregistered securities and used instruments of interstate transportation and communication in connection with such control and sale, it states a claim upon which relief may be granted.

█ In their supporting memoranda, defendants make much of their observation that Count I fails to allege *facts* showing control over the seller of the securities in question. Such an argument is clearly without merit in the federal courts, since fact pleading is not required. Rather, a complaint is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.Civ.P. 8(a)(2); 2A J. Moore, Federal Practice ¶ 8.13, at 1695 and 1700, (2d ed. 1972). Moreover, the averments in Count I need not even be pleaded with "particularity", the cause of action presented therein not being founded in fraud. F.R.Civ.P. 9(b). Accordingly, the motions to dismiss Count I of the amended complaint are denied.

## MOTIONS TO DISMISS COUNT II

Count II of the amended complaint is based upon the antifraud provisions of the Securities Act of 1933 [15 U.S.C.A. §§ 77*l*(2), 77*q*(a)], the Securities Exchange Act of 1934 [15 U.S.C.A. § 78b] and Rule 10B–5 thereunder [17 CFR 240.10b–5]. In it, plaintiffs allege they relied to their detriment upon various misstatements and omissions of material facts which defendants are collectively alleged to have made in connection with the sale of the securities in question. None of the moving defendants are specified as having participated in any particular violation. Accordingly, they move to dismiss the count. The essence of their motion appears to be plaintiffs' failure to comply with F.R.Civ.P. 9(b), which requires that "circumstances constituting fraud . . . shall be stated with particularity." However, for the following reasons defendants' motions should be denied.

█ While allegations of fraud must be particularized, F.R.Civ.P. 9(b), they must also be as short, plain, simple, concise and direct as is reasonable under the circumstances. F.R.Civ.P. 8(a). The function of pleadings under the Federal Rules is to give *fair notice* of the claim asserted so as to enable the adverse party to answer and prepare for trial, to allow for the application of the doctrine of res judicata, and to show the type of case brought, so it may be assigned to the proper form of trial. 2A J.Moore, Federal Practice ¶ 8.13 at 1695 (2d ed. 1972). The test is whether the pleading in question gives notice and states the elements of the claim plainly and succinctly, and not whether as an abstract matter it states "conclusions" or "facts". Federal Practice, *supra* at 1700.

█ Viewing Count II as a whole, it is clear that the notice requirement of modern federal pleading has been met. Specific misstatements and omissions of material facts are set forth with particularity in separate subparagraphs, along with the dates and letters in which they were made. Although it is true that none of these misstatements and omissions are attributed to specific defendants, this court is of the opinion that such a high degree of particularity is not required to fulfill the purposes of notice pleading. The defendants have been notified that they are alleged to have made specific misstatements and omissions in connection with the sale of securities in interstate commerce; and the allegations are clear enough to enable defendants to answer them.

Judicial economy would be best served at the present time in this case by permitting defendants to ascertain the facts they seek through the discovery process rather than by requiring a return to "fact" pleading. Accordingly the motions to dismiss Count II of the amended complaint are denied.

## MOTIONS TO DISMISS COUNT III

Count III of the amended complaint is founded upon alleged violations of the

Illinois Securities Law of 1953 which are similar to those alleged in Counts I and II. The relief sought is recision of the sales of the securities pursuant to S.H.A. ch. 121½, § 137.13, which provides in pertinent part:

A. Every sale of a security made in violation of the provisions of this Act shall be voidable at the election of the purchaser exercised as provided in subsection B of this Section. . . .

B. Notice of any election provided for in subsection A of this Section shall be given by the purchaser, within 6 months after the purchaser shall have knowledge that the sale of the securities to him is voidable, to each person from whom recovery [of the purchase price] will be sought. . . .

Defendants move to dismiss Count III on the ground that it fails to state a cause of action. For the following reasons the motions should be granted.

█ It has long been established in Illinois that the right to bring an action under the securities law is wholly statutory; and a plaintiff, in order to successfully prosecute that right, must bring himself within the requirements of the statute. *See* Lipcovitz v. Warren Printing Co., 249 Ill.App. 368, 372 (1928). S.H.A. ch. 121½, § 137.13, subd. B requires as an element of the cause of action for recision that the purchaser, within six months of learning that the sale to him was in violation of the Illinois Act, must serve a written election to rescind upon each person from whom recovery is sought. Such compliance with the notice requirement must be specifically pleaded in the complaint. Jordan Building Corporation v. Doyle, O'Connor & Co., 282 F.Supp. 87, 94 (N.D.Ill.1967), reversed on other grounds, 401 F.2d 47 (7 Cir. 1968). This the plaintiffs have not done. Rather, they made a general allegation of compliance with the statute. Having failed to make the required allegations with the requisite specificity, plaintiffs have not pleaded all the elements of a cause of action under Section 137.13. Accordingly Count III of the amended complaint is dismissed as to all the defendants.

## MOTIONS TO DISMISS COUNT IV

Count IV of the amended complaint contains allegations of the elements of common law fraud. Defendants move to dismiss this count for failure to comply with F.R.Civ.P. 9(b), which requires the circumstances of the fraud be alleged with particularity. For the same reasons stated with regard to the motions to dismiss Count II, the motions are denied as to Count IV.

## PUNITIVE DAMAGES

The relief prayed for in the amended complaint includes punitive damages. Defendants Wax, Wolk and Wolk & Company, Inc. move to dismiss that portion on the ground that punitive damages are not recoverable in actions of this nature. For the following reasons, defendants' motions are granted as to Counts I and II, and denied as to Count IV.

█ Counts I and II allege violations of the federal securities statutes. It is well established that one may recover only actual damages for violations of the 1933 Act, in view of 15 U.S.C.A. § 77*l* which explicitly provides for a return of the consideration plus interest less income received. Globus v. Law Research Service, 418 F.2d 1276, 1283–1287 (2d Cir. 1969); cert. denied, 397 U.S. 913, 90 S.Ct. 913, 25 L.Ed.2d 93 (1970). It is equally established that punitive damages are not recoverable for violations of the 1934 Act, in view of 15 U.S.C.A. § 78bb(a) which limits recovery to actual damages. *See* Green v. Wolf Corp., 406 F.2d 291 (2d Cir. 1968), cert. denied, 395 U.S. 977, 89 S.Ct. 2131, 23 L. Ed.2d 766 (1969). Accordingly, plaintiffs are not entitled to punitive damages for violations of the federal securities statutes; and defendants' motions

to dismiss the prayer for such are therefore granted as to Counts I and II.

Whether punitive damages are recoverable under a separate common law fraud count presents a question upon which federal courts have differed. Thus far, two judges in this district have held that the federal statutory prohibitions against punitive damages prevent such recovery. Cant v. A. G. Becker & Co., Inc., [1971–1972] Fed.Sec.L. Rep. ¶ 93,347 at 91,874–75 (N.D.Ill. 1971) (Bauer, J.) (plaintiff should not be permitted to obtain indirectly that which he cannot obtain directly); Schaefer v. First National Bank of Lincolnwood, 326 F.Supp. 1186, 1193 (N.D. Ill.1970) (Decker, J.) (common law damage rules permitting recovery in excess of actual damages have not been saved by the securities statutes). *See also* de-Haas v. Empire Petroleum Company, 435 F.2d 1223, 1229–1232 (10th Cir. 1970).

On the other hand, numerous courts of other jurisdictions have held that punitive damages may be recovered under a count for common law fraud and deceit, despite the federal statutory limitation to actual damages. Young v. Taylor, 466 F.2d 1329, 1337–1338 (10th Cir. 1972); Hecht v. Harris Upham & Co., 283 F.Supp. 417, 444 (N.D.Cal.1968) (dictum), modified on other grounds, 430 F.2d 1202 (9th Cir. 1970); Gann v. Bernzomatic Corporation, 262 F.Supp. 301, 304 (S.D.N.Y.1966). Although the court in deHaas v. Empire Petroleum Company, *supra*, set forth numerous policy reasons for denial of punitive damages in a case such as this, the simple fact remains that, on their face, both the 1933 and 1934 Acts preserve all rights and remedies at law and equity which existed prior to enactment. Section 16 of the 1933 Act [15 U.S.C.A. § 77p] provides:

> "The rights and remedies provided by this subchapter shall be in addition to any and all other rights and remedies that may exist at law or in equity."

Section 28(a) of the 1934 Act [15 U.S. C.A. § 78bb(a)] provides, in pertinent part:

> "(a) The rights and remedies provided by this chapter shall be in addition to any and all other rights and remedies that may exist at law or in equity; but no person permitted to maintain a suit for damages *under the provisions of this chapter* shall recover, through satisfaction of judgment in one or more actions, a total amount in excess of his actual damages on account of the act complained of." (emphasis supplied)

It is absolutely clear from the words of §§ 77p and 78bb(a) that common law remedies, which existed at the time of enactment of the respective statutes were not to be affected by the statutory restrictions on recovery. Accordingly, the crucial question becomes whether punitive damages are still recoverable for fraud and deceit at common law.

The basic elements of a cause of action for fraud and deceit are six in number. There must be (1) a false representation of (2) a material (3) fact; (4) the defendant must know of the falsity (*scienter*) but make the statement nevertheless for the purpose of inducing the plaintiff to rely on it; (5) the plaintiff must justifiably rely on it; and (6) the plaintiff must have suffered damage as a consequence. Harry Alter Company v. Chrysler Corporation, 285 F.2d 903, 906 (7th Cir. 1961); 3 L. Loss, Securities Regulation at 1431 (2d ed. 1961). If, in addition to those elements, the plaintiffs are able to prove that the false representations were "wantonly and designedly" made, exemplary or punitive damages are properly recoverable. Gass v. Gamble-Skogmo, Inc., 357 F.2d 215, 220 (7th Cir. 1966) (Castle, J.), cert. denied, 384 U.S. 943, 86 S.Ct. 1464, 16 L.Ed.2d 541. The *Gass* case not having been overruled, it is still the law of this Circuit. Accordingly, punitive damages are recoverable for common law fraud; and because the

federal securities statutes explicitly leave common law remedies untouched, punitive damages are recoverable in a securities fraud case where common law fraud is alleged in a separate count. Therefore, defendants' motions to dismiss the prayer for punitive damages are denied as to Count IV.

## MOTIONS TO DISMISS FOR LACK OF JURISDICTION

### A. *Subject Matter Jurisdiction*

■ Defendants Wolk and Wolk & Company, Inc. move to dismiss the complaint for lack of a federal question under the rule of subject matter jurisdiction. The motion must be denied inasmuch as it has been determined that Counts I and II state a claim under the Federal Securities Acts. Furthermore, because the claim for relief in Count IV is based upon the same circumstances as those alleged in Counts I and II, this court has jurisdiction under the doctrine of pendent jurisdiction. United Mineworkers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

### B. *Personal Jurisdiction*

Defendants Wax, Wolk and Wolk & Company, Inc. also move to quash the service of process which was made in New York. They argue that because they did not commit any act within the forum which constituted a material part of the illegal events, they do not have sufficient "contact" with the forum to justify extraterritorial service of process. However, based upon the following discussion, defendants' motions should be denied.

■ Section 27 of the Securities Exchange Act of 1934 [15 U.S.C.A. § 78aa] authorizes extraterritorial service of process in the state of a defendant's residence if venue is properly laid within the forum; and venue is proper under § 78aa if any act or transaction connected with the alleged violation occurred therein. Furthermore, once plaintiff states a claim under the 1934 Act, the broader venue and special service of process provisions of that Act apply equally to a claim arising under the 1933 Act. *See* Puma v. Marriott, 294 F.Supp. 1116, 1121 (D.Del.1969). An act or transaction within the forum is sufficient for purposes of venue in an action under the 1934 Act if it "represents more than an immaterial part of the allegedly illegal events." Bath Industries, Inc. v. Blot, 427 F.2d 97, 114 (7th Cir. 1970); Thompson v. Battle, 54 F.R.D. 222, 226 (N.D.Ill.1971). In deciding this question of materiality, the court need not look beyond the four corners of the complaint. Puma v. Marriott, *supra*, 294 F.Supp. at 1120.

■ The amended complaint alleges, among other things, that defendants conspired together and engaged in a common plan or concert of action to bring about the illegal issue, distribution and sale of unregistered securities to the plaintiffs. Furthermore, they are alleged to have made several trips to Chicago to consult with and advise their co-defendants concerning the authorization, issue, sale, underwriting and registration of the unregistered securities. Such acts of consultation and giving advice concerning the illegal sale of unregistered securities within the forum constituted a material part of the allegedly illegal events which form the core of the plaintiffs' cause of action in the present case. Accordingly, venue is proper in the forum under 15 U.S.C.A. § 78aa; and as a result, the out of state service of process was authorized. Therefore, this court has personal jurisdiction of the defendants.

■ Even if each defendant's activities alone in the forum were not in themselves a material part of the illegal events alleged, defendants *are* alleged to have conspired and engaged in a common scheme with their co-defendants to illegally sell unregistered securities and to defraud plaintiff purchasers. It is becoming increasingly recognized that, in order to avoid unnecessary multiplicity of suits and fragmentation of issues, 15 U.S.C.A. § 78aa should be

read as providing that venue is proper in any district where it is alleged that any one defendant has committed acts which are violative of the Act and in furtherance of an alleged illegal scheme. *E. g.,* In re Penn Central Securities Litigation, 338 F.Supp. 438, 440 (E.D.Pa. 1972), cases and authorities cited. Numerous acts in the forum by various defendants in furtherance of the alleged conspiracy are set forth in the complaint, including the mailing of letters containing misstatements and omissions of material facts. Venue is therefore proper in the present case; and extraterritorial service of process was properly made upon defendants Wax, Wolk and Wolk & Company, Inc. Accordingly, their motions to dismiss for lack of personal jurisdiction are denied.

## MISCELLANEOUS MATTERS

Any and all motions presented by the defendants which are not treated above are denied. Specifically, the motion of defendants O'Leary and Suess is denied for the reasons stated in plaintiffs' answering brief. The motion of defendant Wax to dismiss the class is denied. Decision is rendered upon all matters presented in accordance with this opinion. So ordered.