Daniel C. STERN, Plaintiff,

v.

AMERICAN BANKSHARES CORPORA-
TION, a Wisconsin Corporation, et
al., Defendants.

No. 75–C–730.

United States District Court,
E. D. Wisconsin.

March 29, 1977.

Heiner Geise and Edward S. Levin, Milwaukee, Wis., for Daniel Stern.

Peter F. Wegmann, President, American Bankshares Corp., Milwaukee, Wis., for American Bankshares.

John J. Burke, Burke & Schoetz, Milwaukee, Wis., for American Hampton.

Brent E. Gregory, Gibbs, Roper, Loots & Williams, Milwaukee, Wis., for FDIC.

Lawton & Cates, Madison, Wis., for Cahill & Fox.

William H. Alverson, Godfrey & Kahn, Milwaukee, Wis., for Ernst & Ernst.

Davis, Kuelthau, Vergeront, Stover & Leichtfuss, S. C., Milwaukee, Wis., for Benz.

Russell R. Stepke, Stepke, Kossow, Trebon & Stadtmueller, Milwaukee, Wis., for Callen.

Elwin J. Zarwell, Quarles & Brady, Milwaukee, Wis., for DeBelak, Deshur, Lauterbach, Lesselyoung & Lichtsinn.

Gregory J. Harrold, Levin, Blumenthal, Herz & Levin, S. C., Milwaukee, Wis., for Erickson.

Lichtsinn, Dede, Haensel & von Bereghy, S. C., Milwaukee, Wis., for Kierstead.

Robert F. Cavanaugh, Milwaukee, Wis., for Sullivan.

David J. Cannon, Michael, Best & Friedrich, Milwaukee, Wis., for Wegmann.

## MEMORANDUM AND ORDER

WARREN, District Judge.

There are several motions filed by the defendants in this action attacking the sufficiency of the complaint. The first of these motions was filed by defendant Erickson. This motion requests a dismissal of Count I on the grounds that it fails to state the circumstances constituting fraud with particularity, or, in the alternative, the motion requests a more definite statement of the fraud alleged. The majority of the remaining defendants have joined defendant Erickson in this motion.

Rule 9 of the Federal Rules of Civil Procedure require that "in all averments of fraud . . . the circumstances constituting fraud . . . be stated with particularity." This rule must be balanced against the general rule of pleading which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.Proc. 8(a).

Count I of the complaint is asserted pursuant to sections 10(b), 20(a) and 29(b) of the Securities Exchange Act of 1934 (15 U.S.C. §§ 78j(b), 78t(a), 78cc(b)) and Rule 10(b)–5 (17 CFR 240.10b–5) and sections 12(2) and 15 of the Securities Act of 1933 (15 U.S.C. §§ 77l(2), 77o). While all of the defendants are alleged to be liable under this count, principle liability for perpetrating the fraud is asserted against American Bankshares Corporation and American City Bank. Liability as to the other defendants is asserted under the theories of vicarious liability under the control statutes (15 U.S.C. §§ 77o, 78t(a)) and/or the judicially derived theory of liability as an aider and abettor. It should be noted that the FDIC in its capacity as receiver of American City Bank is also named as a defendant herein. It is, for the purposes of this action, the successor in interest to the American City Bank and its liability is alleged to be coextensive with that of the Bank.

The complaint alleges that the plaintiff purchased securities from American Bankshares Corporation. Prior to that purchase, the plaintiff alleges that certain facts were told to him by agents of the seller. The complaint lists four such communications which are alleged to be materially false. Subsequently, allegations of omissions of facts are set forth. It appears to the Court that these allegations meet the requirements of Rule 9 insofar as they particularize the communications which the plaintiff contends are false and also with respect to the facts withheld from the plaintiff.

While the Court agrees with the holding in *Rich v. Touche Ross & Co.,* 68 F.R.D. 243 (S.D.N.Y.1975), it finds the factual context of this case quite different from that in *Rich.* Where a plaintiff is alleging fraud in a financial statement, greater particularization is required since such statements would contain a multitude of facts.

Nor does the Court find the complaint inadequate in that it pleads knowledge of the facts which were not disclosed to the plaintiff on information and belief. The defendants have cited the case of *Segal v. Gordon,* 467 F.2d 602 (2d Cir. 1972) in support of their position in this regard. In the *Segal* case, the plaintiff had merely pleaded "fraud" and "conspiracy" in violation of the securities law on information

and belief. The plaintiff has done considerably more in this instance. He has pleaded the specific facts which he contends were kept from him. The comment respecting the "information and belief" appears to apply to the knowledge of American Bankshares. Rule 9 itself allows knowledge to be averred generally.

The individual defendants have also attacked Count I under Rule 9 arguing that the claim is deficient in that it fails to name the individuals who actually made the misrepresentations alleged. A similar attack was made upon the complaint filed in *Burkhart v. Allson Realty Trust,* 363 F.Supp. 1286 (N.D.Ill.1973). The Court found the complaint sufficient in that case.

While allegations of fraud must be particularized, F.R.Civ.P. 9(b), they must also be as short, plain, simple, concise and direct as is reasonable under the circumstances. F.R.Civ.P. 8(a). The function of pleadings under the Federal Rules is to give fair notice of the claim asserted so as to enable the adverse party to answer and prepare for trial, to allow for the application of the doctrine of res judicata, and to show the type of case brought, so it may be assigned to the proper form of trial. 2A J. Moore, Federal Practice ¶ 8.13 at 1695 (2d ed. 1972). The test is whether the pleading in question gives notice and states the elements of the claim plainly and succinctly, and not whether as an abstract matter it states "conclusions" or "facts." Federal Practice, *supra* at 1700. *Id.* at 1289.

The Court is satisfied that the notice requirement of the rules have been met. The factual basis which the defendants seek through these motions can better be obtained through utilization of the discovery process. The motions by the individual defendants which are based on an argument of an insufficient allegation of fraud under Rule 9 must, therefore, be denied.

■ Several motions also seek to dismiss Count I on the basis that there is an insufficient allegation of interstate commerce. The argument set forth states that the complaint shows that all parties are residents of Wisconsin and, therefore, only intrastate activity is involved. The grounds for the motion will not support dismissal. "[I]ntrastate use of the telephone may confer federal jurisdiction over a private action alleging violation of § 10 of the Securities Exchange Act of 1934 and S.E.C. Rule 10(b)–5." *Dupuy v. Dupuy,* 511 F.2d 641 (5th Cir. 1975). The Court is satisfied that the allegations are sufficient, and for purposes of this motion, must be taken as true.

■ Other motions filed by the defendants attacking Count I would require the plaintiff to allege that he acted with due diligence in making his demand for rescission and that he had no knowledge of the alleged untruths and omissions at the time he purchased the securities. The Court views these issues as a matter which is more properly raised in the answer as matters of affirmative defenses and will not require that they be specifically pleaded in the complaint.

The individual defendants have also moved to dismiss Count I arguing that the allegations as to them are insufficient to state a cause of action. The arguments are not altogether clear to the Court.

Defendant Callen asserts in his brief that the plaintiff is required to "select either the primary participant theory or the aider and abettor theory" in his allegations asserted under section 10(b) and Rule 10b–5. As stated above, the Court views the complaint as asserting primary liability against American Bankshares Corporation and American City Bank only. Liability is asserted against the individual defendants only on the basis that (1) they controlled Bankshares and/or (2) they aided and abetted Bankshares and American City Bank in the violations.

■ An election between the latter two theories of liability is not required to be made in the complaint. Even if this Court were to view the theories as inconsistent Rule 8(e)(2) of the Federal Rules of Civil Procedure would allow such inconsistency. Regardless of the need for an election, the complaint must state a claim for relief un-

der each theory if it is to survive the instant motion.

The Court will first address itself to the claims of liability asserted against the individual defendants on the theory of control. Title 15 U.S.C. §§ 77o and 78t(a) state:

§ 77o. Liability of controlling persons

Every person who, by or through stock ownership, agency, or otherwise, or who, pursuant to or in connection with an agreement or understanding with one or more other persons by or through stock ownership, agency, or otherwise, controls any person liable under sections 77k or 77l of this title, shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person had no knowledge of or reasonable ground to believe in the existence of the facts by reason of which the liability of the controlled person is alleged to exist.

§ 78t. Liabilities of controlling persons

(a) Every person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action.

The complaint alleges violations of sections 77l(2), 78j(b) and 17 CFR 240.10b-5 committed by American Bankshares and American City Bank through its officers and agents. See paragraphs 9 through 14 of the complaint. The Court has found these allegations to be sufficient to state a cause of action against American Bankshares and American City Bank and that more particularity is not required by Rule 9.

The complaint in other sections states:
6. Each individual defendant was, at all times material hereto, a principal officer and/or director of Bankshares; certain of said individual defendants were also principal officers and/or directors of American City.

. . . . .

20. Each individual defendant, upon information and belief, was a controlling person of Bankshares at all times material hereto.

The defendants have attacked these allegations as insufficient in that there are no specific allegations as to the capacity of the defendants as controlling persons. The argument advanced is that there must be an allegation of control and allegations of the "specific aspects of activity on the part of the defendant which would support a claim of 'control'" as well as an allegation of the effective exercise of control.

The case law in this area does not support the defendants' contentions. The courts have interpreted the sections dealing with control as imposing "secondary or derivative liability on any person who controls a violator of the act or of any regulation promulgated thereunder and who does not carry the day on the good faith defense provided therein." *Harriman v. E. I. DuPont De Nemours & Co.*, 372 F.Supp. 101, 104 (D.Del.1974); *Safeway Portland Employees' Federal Credit Union v. C. H. Wagner & Co.*, 501 F.2d 1120, 1124 (9th Cir. 1974). Once it is established that the defendant is a controlling person, the burden shifts to the defendant to show that he acted in good faith and did not directly or indirectly induce the fraudulent transaction. *See, Marder v. Armel*, 461 F.2d 1123 (6th Cir. 1972); *Moerman v. Zipco, Inc.*, 302 F.Supp. 439 (E.D.N.Y.1969).

There is no requirement that the controlling person exercise control over the particular transaction which gives rise to the violation.

The court accepts as settled law the proposition that directors of a corporation may be found liable as controlling persons, both under the Securities Act and the Exchange Act, even *without actively participating in the conduct upon which liability is founded.* (Citations omitted)

. . . . .

Nevertheless, a director's liability, pretermitting the good faith defense of § 78t, presupposes some extent of actual participation in *the corporation's operation* before the consequences of control may be imposed. . . . *Holloway v. Howerdd,* 377 F.Supp. 754, 761 (M.D. Tenn.1973) (emphasis added). *See Harriman v. E. I. DuPont De Nemours and Co.,* 372 F.Supp. 101, 104–05, (D.Del.1974); *Moerman v. Zipco, Inc.,* 302 F.Supp. 439 (E.D.N.Y.1969).

■ What the plaintiff in this action must establish is that those persons whom he contends are controlling persons have actively participated in the operations of Bankshares and possessed actual control over the transaction in question. Once that is established the matters of knowledge and actual participation, which directly or indirectly induced the fraud, are matters for the defense.

■ What has been stated above relates to the merits of the action but bears directly on the attacks made by the defendants. There need be no allegation of the exercise of control. Nor must there be factual allegations showing control. *Burkhart v. Allson Realty Trust,* 363 F.Supp. 1286, 1289 (N.D.Ill.1973); *Harriman, supra* at 105 ("since one may be a controlling person without having in fact exercised control, a plaintiff can state a cause of action under Sections 10b–5 and 20(a) of the Act without alleging any affirmative action on the part of the defendant.").

■ The allegations of the complaint which assert a cause of action against the individual defendants as controlling persons of Bankshares are sufficient and the motions to dismiss in that regard must be denied. The nature and extent of the plaintiff's case regarding the control aspects can more readily be determined through effective utilization of the discovery process.

The alternate theory of liability asserted against the individual defendants is that of aiding and abetting the violations. This is the theory asserted against the remaining defendants also. This theory is asserted as to the violation of § 78j(b) as well as 77*l*(2).

■ The initial attack on this theory is that as a matter of law one cannot aid and abet a violation of § 77*l*(2). The Court finds no merit in this assertion. The District Court for the Southern District of New York has stated:

Persons participating directly in a violation of the statute (§ 77*l*(2)) will not escape liability under the express language of the Act; similarly, those persons who are aware of and, to some lesser degree, participate in a violation of the securities laws and either enter into an agreement with or give assistance to the primary wrongdoers should not be permitted to escape the imposition of liability. As one commentator has pointed out, "[s]uch individuals will be subject to liability because they have acted knowingly or recklessly" to assist in such conduct or to be a part of a proscribed course of action. *In Re Caesars Palace Securities Litigation,* 360 F.Supp. 366, 383 (S.D.N.Y. 1973).

This Court is in complete agreement with the statement quoted above and finds that a person may be liable under § 77*l*(2) as an aider and abettor.

In order to properly rule on the remaining motion brought by the defendants, attacking the sufficiency of the allegations of aiding and abetting, a discussion of the substantive law in this area is in order.

The principle that an aider and abettor may be liable for a securities law violation is one established by judicial interpretation. In enunciating this principle, the Courts have been in general agreement as to the required elements. As noted above in *Caesars Palace,* the court in that case required that the aider and abettor be aware of the violation or act recklessly in that regard and give assistance to the primary wrongdoers. It is the participation with the knowledge that a fraud is being committed that leads to liability.

The Third Circuit in *Landy v. Federal Deposit Insurance Corp.,* 486 F.2d 139, 162–63 (1973), listed the elements.

Three elements are thus required for liability: (1) that an independent wrong exist; (2) that the aider and abettor know of the wrong's existence; and (3) that substantial assistance be given in effecting that wrong.

In suits involving active conduct on the part of the alleged aider and abetter the courts have required knowledge and participation. Implicit in these cases is that the participation be evidenced by some affirmative action done with knowledge of the fraud and with the intent to assist the violator in effecting that wrong, *i. e.,* the completion of the transaction of sale or purchase.

 Liability may also attach to one alleged to be an aider and abettor in the absence of any action on his part when there is a duty of disclosure owed to the plaintiff. In finding this principle applicable to section 10(b) the Seventh Circuit stated:

In invoking such a rule, however, we would not go so far as to charge a party with aiding and abetting who somehow unwittingly facilitated the wrongful acts of another. Rather, to invoke such a rule investors must show that the party charged with aiding and abetting had knowledge of or, but for a breach of duty of inquiry, should have had knowledge of the fraud, and that possessing such knowledge the party failed to act due to an improper motive or breach of a duty of disclosure. *Hochfelder v. Midwest Stock Exchange,* 503 F.2d 364 (7th Cir.), *cert. denied,* 419 U.S. 875, 95 S.Ct. 137, 42 L.Ed.2d 114 (1974).

The principle set forth above was applied by the Seventh Circuit in the related case of *Hochfelder v. Ernst & Ernst,* 503 F.2d 1100 (7th Cir. 1974), *rev'd,* 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976). The court in that case found the defendant, Ernst & Ernst, liable under the securities law for negligently conducting an audit. It established the following elements in that case:

(1) that the defendant had a duty of inquiry; (2) that plaintiff was a beneficiary of that duty of inquiry; (3) that defendant breached the duty of inquiry; (4) concomitant with the breach of duty of inquiry the defendant breached a duty of disclosure; and (5) there is a causal connection between the breach of duty of inquiry and disclosure and the facilitation of the underlying fraud . . . .

The court found that a statutory duty of inquiry and a concomitant duty of disclosure was breach by the defendant through negligence. The Supreme Court reversed.

In *Hochfelder v. Ernst & Ernst,* 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976), the Supreme Court held that negligence could not be the basis of a violation of § 10(b) and Rule 10b–5. Scienter is required. In formulating its opinion, the Court specifically declined to reach the questions of "whether civil liability for aiding and abetting is appropriate under the section and the rule nor the elements necessary to establish such a cause of action." *Id.* at 191–92 n. 7, 96 S.Ct. at 1380. Nor did the Court establish the required "scienter" specifically stating: "We need not address here the question whether, in some circumstances, reckless behavior is sufficient for civil liability under § 10(b) and Rule 10b–5." *Id.* at 194 n. 12, 96 S.Ct. at 1381. The Court of Appeals for this circuit has answered the latter question finding recklessness sufficient. *Sundstrand Corp. v. Sun Chemical Corp.,* 553 F.2d 1033, Consolidated Nos. 73–1316, 1317, 1318, 2058 and 2059 7th Cir. decided Feb. 23, 1977; *Bailey v. Meister Brau, Inc.,* 535 F.2d 982 (7th Cir. 1976).

The theory of aiding and abetting is apparently still viable in this circuit. That portion of the *Hochfelder v. Ernst & Ernst* decision by the Seventh Circuit finding liability under a theory of aiding and abetting and setting forth the elements was not disturbed by the Supreme Court. In a footnote to a recent decision, the Circuit Court itself specifically declined to reach these questions in light of the Supreme Court decision in *Hochfelder.*

Rule 10b–5 actions have proved to be an idiosyncratic element of the law since in these cases the difficult problems presented have been in the formulation of the governing principles of law rather than the more common legal problem of application of settled principles of law to particular facts. *Haimoff, supra,* at 147. Indeed *Hochfelder* itself left·open, in addition to the reckless behavior question, whether aiding and abetting was a proper Rule 10b–5 theory, and if so what its elements were, as well as whether *scienter* was required in a Rule 10b–5 injunctive proceeding brought by the SEC. 425 U.S. at 191 n. 7 and 194 n. 12, 96 S.Ct. 1375.

Therefore, we will only reach the reckless nondisclosure question in this case since the other two theories of liability discussed below—aiding and abetting and control person—would require us to face the difficult task of defining the elements of these theories after *Hochfelder.* We leave this task to another day.

*Sundstrand Corp. v. Sun Chemical Corp.,* 553 F.2d 1033, No. 73–1316, 7th Cir., 1977.

Apparently the day has arrived for this Court.

■ Based upon the cases enumerated and discussed above, the Court is of the opinion that in order to establish liability under the securities laws, the plaintiff must allege and prove the following:

(1) That the person charged as an aider and abettor had knowledge of the fraud or acted so recklessly that knowledge of the fraud may be imputed to him and,

(2) either (a) have actively participated in the transaction in an effort to assist the violator in the completion of the transaction, or (b) have failed to disclose the fraud to the plaintiff in breach of a duty to disclose owing to the plaintiff.

With these principles in mind, the Court must review the allegations of the complaint to determine if a cause of action for aiding and abetting the violations are stated.

As to the individual defendants the complaint states:

21. Such individual defendants, as officers or directors of defendant Bankshares, knew or should have known of said material facts alleged in paragraph 13, but, nevertheless, as knowing participants in said securities transaction, failed to adequately disclose said material facts to plaintiff.

■ The plaintiff has apparently attempted to allege that the defendants aided and abetted both through active participation and through inaction in failing to disclose. For the reasons stated below, the Court finds that the complaint fails to state a claim against these defendants either through active participation or through inaction.

The Court would find the allegation that the defendants "knew or should have known" sufficient since recklessness may form the basis of liability, but the plaintiff has not alleged that the defendants knew or should have known of the fraud. What is alleged is that they knew or should have known of the material facts. The allegation then continues that as "knowing participants" they failed to disclose the material facts. Participation alone does not give rise to the duty to disclose, that duty must be owing to the plaintiff either by statute, as in the case of *Hochfelder v. Ernst & Ernst, supra,* or by virtue of common law as in *Sundstrand, supra.* As stated above, active participation with the requisite scienter will itself give rise to liability absent a duty to disclose. As to the failure to disclose itself, there is no allegation that the defendants owed such a duty nor a basis from which that duty would arise.

■ The Court finds the allegation that the defendants were "knowing participants," although conclusionary, to be adequate under Rule 8(a)(2) to satisfy the requirement of active participation. The nature of each individual defendant's participation can better be obtained through utilization of the discovery process. The Court sees no distinction in this regard between

an allegation of participation and one of control as discussed above.

What the plaintiff must allege is that the defendants knew or should have known of the facts and circumstances concerning the fraud, *i. e.*, the transaction which forms the basis for the violations, and that they either actively rendered assistance in an effort to further that transaction or failed to disclose the material facts in violation of a duty to do so. In the case of a breach of a duty to disclose the nature of the duty should be set forth in the complaint.

In view of the construction of the complaint given by the Court, the motion of the individual defendants to dismiss the aiding and abetting allegations of Count I of the complaint under Rule 12(b)(6) must be granted.

A similar disposition can be made of the motion of defendant Cahill & Fox. The plaintiff has not alleged any duty on the part of this defendant owing to the plaintiff. Nor is there an allegation that the defendant knew of the existence of the fraud as opposed to the underlying facts. That motion will also be granted.

Count II is attacked by the defendants on several grounds: (1) failure of the count to state circumstances constituting fraud with sufficient particularity, (2) failure to allege facts constituting control, (3) failure to sufficiently allege interstate commerce as a grounds for jurisdiction, (4) a failure to specifically allege that the securities were required to be registered, and (5) that the securities were not in fact required to be registered.

The first three grounds have already been disposed of in the discussion of the motions attacking Count I. It should also be noted that the applicability of Rule 9 to this Count is questionable at best. The Court in the *Burkhart* case cited above found that a count based on the sale of unregistered securities "need not even be pleaded with 'particularity', the cause of action presented therein not being founded in fraud." 363 F.Supp. at 1289.

Count II alleges that "Defendant Bankshares sold and issued said stock without complying with the registration requirements of the Securities Act of 1933 and hence sold said stock in violation of sections 5 and 12(1) of the Securities Act of 1933." The defendants would have this Court dismiss this count since it does not specifically state that the stock was not registered. The Court finds the complaint to be sufficient in stating a violation of § 5(c) against defendant Bankshares. The allegations against the remaining defendants will be discussed below. What has been stated above as to the requirements of pleading under Rule 8(a), *i. e.*, fair notice, is applicable here. The allegation is sufficient to withstand the motion.

The remaining ground is not a basis for a motion to dismiss under 12(b)(6) but rather a matter to be pleaded as an affirmative defense. The burden is on those claiming private placement exemption from registration to establish the availability of the exemption. *Woolf v. D. Cohn & Co.*, 515 F.2d 591 (5th Cir. 1975).

Similar to the manner in which Count I was pleaded, the plaintiff has asserted different theories of liability as to the different defendants. Primary liability is asserted only against defendant American Bankshares. Liability against the remaining defendants to Count II is asserted under theories of control and/or aiding and abetting. The Court has already found the count to be sufficient as to the principal violator and as to the individual defendants on the control theory. There remains for disposition only the allegations of aiding and abetting. The Court finds these allegations to be inadequate and grants the motion to dismiss in this regard.

The discussion above concerning the allegations necessary to state a theory of liability for aiding and abetting are applicable here with some modification. Since the violation under section 5 does not involve fraudulent activity in making misrepresentations or omitting material facts, that portion of the discussion concerning a duty to disclose is clearly inapplicable. The aid-

ing and abetting then must be based on an active participation of the defendant. Participation alone is not sufficient, for an unwitting participant would not be liable under the statute. The District Court for the Northern District of Texas has held that:

No intent is required to violate Section 5 as an aider and abettor and the only knowledge requirement is that a defendant "had reason to know or should have known that the securities should have been registered." *S.E.C. v. National Bankers Life Ins. Co.*, 324 F.Supp. 189 (N.D.Tex.1971) (quoting *Nees v. S.E.C*, 414 F.2d 211, 220–21, (9th Cir. 1969).

In a Seventh Circuit case rendered in 1974, the Court of Appeals found the defendant to be liable as an aider and abettor to a § 5 violation since he knew that the "shares . . . were neither registered nor exempt from registration." *S.E.C. v. Dolnick*, 501 F.2d 1279 (7th Cir. 1974).

Count II of the complaint alleges that the individual defendants and American Hampton and American City "participated or materially aided defendant Bankshares in its offering of said stock with knowledge that said stock was being sold without registration under the Securities Act of 1933." While the Court might find the allegations as to participation sufficient to withstand the motion, the allegations as to the knowledge requirement are clearly insufficient.

Count III states a cause of action under the Wisconsin securities laws. The motions to dismiss this count argue that the Court lacks jurisdiction over the subject matter and that the count fails to state a claim upon which relief can be granted.

The Court has subject matter jurisdiction over this count under the doctrine of pendent jurisdiction. The bases of the argument that it fails to state a claim are the same as those set forth in the motions attacking the federal cause of action and will be similarly treated.

The plaintiff in the action presently before the Court seeks a declaration that the note given by him to American City Bank (ACB) for the purchase of the stock is null and void. The FDIC as receiver of ACB (Receiver) has been named as a defendant and has moved to dismiss the complaint as to the declaration on the note arguing that Corporation is the proper party to such an action and not Receiver.

The factual background necessary to a determination of this motion is as follows. The plaintiff executed and delivered to ACB a note prior to ACB being declared insolvent. Upon a declaration of insolvency, the FDIC was appointed as receiver for ACB and took over all of ACB's assets. Thereafter, upon Court approval, the majority of the assets were purchased by the Marine National Exchange Bank of Milwaukee and the remainder were purchased by the FDIC acting in its corporate capacity (Corporation). The note which is the subject of the instant case was sold to the Corporation. The plaintiff contends that the note is unenforceable because of fraudulent activity on the part of ACB in procuring the notes.

The Receiver's position is essentially that it is a distinct entity from the FDIC operating in its corporate capacity. Section 1823(e) of Title 12 U.S.C. supports this position. That section authorizes the Corporation to purchase assets of an insolvent insured bank. The last sentence of the first paragraph of the section then states: "Any insured national bank or District bank, or *the Corporation as receiver thereof*, is authorized to contract for such sales [to the Corporation] . . . ." 12 U.S.C. § 1823(e). The statutes themselves contemplate the FDIC acting in two distinct capacities.

The plaintiff in this action has argued that FDIC is before the Court and then ignores the separate capacities under which it is operating. The brief merely states that "there are not two FDIC's."

The plaintiff agrees that no claim for damages has been asserted against the Corporation and that he seeks no damages from FDIC's corporate fund. His position in regard to the note is that "by purchasing a note procured by the fraud of the payee

(FDIC's predecessor), FDIC has purchased an unenforceable note, *i. e.*, one to which there are valid defenses." The brief then contains an argument that the Corporation cannot insulate itself from these defenses by merely buying the notes from the Receiver.

While this argument appears persuasive at this point, that is not the issue before the Court. The issue before the Court is who is the proper party to an action in regard to the validity of the note, not what defenses are valid against that party.

The holder of a note, the person who has the right to payment, is the proper defendant in an action to declare a note invalid. The FDIC holds these notes in its corporate capacity and not in its capacity as receiver of the ACB. The fact that a corporate entity may be liable to suit in one capacity but not in another, is not an anomaly in the law. A bank operating in the capacity of a trustee is a common example. Rule 9 of the Federal Rules of Civil Procedure contemplate this very problem and provides a mechanism to determine the capacity in which the parties before the Court are being sued or are bringing an action.

The Court is of the opinion that the Receiver and the Corporation must be treated as separate parties.

The motion of Receiver is therefore granted. The complaint insofar as it seeks a declaration that the notes involved are null and void will be dismissed.

For the reasons stated above, the motions of the defendants in this action are GRANTED in part and DENIED in part. The allegations seeking to establish liability against the individual defendants, *i. e.*, defendants Benz, Cahill, Callen, DeBelak, Deshur, Erickson, Kierstead, Lauterbach, Lesselyoung, Lichtsinn, Sullivan and Wegman, on a theory of aiding and abetting violations of 15 U.S.C. §§ 77*l*(2) and 78j(b) and 17 CFR 240.10b–5 in Count I of the complaint, § 77e in Count II, and Wisconsin Securities Laws in Count III are hereby dismissed. All claims against defendant Cahill & Fox are dismissed as the only

theory alleged against is that of aiding and abetting. Defendant Cahill & Fox is dismissed from the action. Those portions of the complaint seeking a declaration that the note involved in this suit is null and void are dismissed for failure to join the proper party.

The Court has found that the complaint in this action sufficiently states a cause of action against American Bankshares Corporation and American City Bank (and therefore FDIC as receiver) as having violated 15 U.S.C. §§ 77*l*(2), 78j(b) and 17 CFR 240.-10b–5 and the Wisconsin Securities Law in Counts I and III of the complaint. Counts I and III also state actions against the individual defendants listed above as controlling persons of Bankshares. Count II of the complaint sufficiently alleges an action against Bankshares for violation of 15 U.S.C. § 77e and against the individual defendants as controlling persons of Bankshares.

The Court of its own motion is granting the plaintiff leave to amend the complaint to cure the defects noted in this order. The amended complaint if drafted is to be filed and served within sixty (60) days. This order will be vacated as to any defects which are cured by an amended complaint so filed.

In regard to the amended complaint, the following should be noted. The Receiver has argued that the Corporation cannot be added as a party to this suit. This Court has decided that issue is an analogous case against the Receiver. *See Brookfield Tennis, Inc. v. FDIC*, No. 75–C–750, E.D.Wisc., Jan. 17, 1977. Since no motions have been filed on behalf of defendants American Hampton and Ernst & Ernst, the Court has not ruled on the sufficiency of the complaint to state a cause of action against these defendants.

SO ORDERED.