W. E. FELTS, Gene A. Gist, Clarence Bennett, William Moyle, James F. Park, Sr., Mrs. Lige Brunson, John F. Harper, Judy Harper, J. H. Franklin, Herbert S. Wooley, S. M. Cornwall, Bobby F. Clay, H. Douglas Ivy, Earl J. Winn, Plaintiffs,

v.

NATIONAL ACCOUNT SYSTEMS ASSOCIATION, INC., Starco Corporation, Jackson Warehousing and Certifying, Inc., Edward J. Peters, Charles J. Steen, Geraldine Steen, James Carroll Fuller, Robert B. Dukes, Jr., L. C. Schmidt, A. J. Gazaway, Andrew D. Anders, Cummings, Gazaway & Scott, Inc., the Travelers Insurance Co., the London Guarantee and Accident Company of New York, the Continental Insurance Company, John Doe(s), Defendants.

No. GC 75–151–S.

United States District Court,
N. D. Mississippi,
Greenville Division.

Sept. 27, 1977.

Luke M. Dove, Jr., Chill, Chill & Dove, Jackson, Miss., for plaintiffs.

Edward J. Peters, pro se.

Henderson S. Hall, Jr., Wise, Carter, Child, Steen & Caraway, Jackson, Miss., for defendants A. J. Gazaway and Cummings.

Fred A. Ross, Jr., Ross & Ross, Jackson, Miss., for James Carroll Fuller.

L. Carl Hagwood, Campbell & DeLong, Greenville, Miss., for Travelers Ins. Co.

Tom P. Calhoun, III, Dale & Calhoun, Greenwood, Miss., for The Continental Ins. Co.

Robert H. Taylor, Jr., Royals & Taylor, Jackson, Miss., for Starco Corp.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The court has under consideration motions for summary judgment filed by defendants Arthur James Gazaway, Jr., Cummings, Gazaway & Scott, Inc., The Travelers Insurance Company and The Travelers Indemnity Company.[1] The motions have been extensively briefed and argued to the court. They are now ripe for decision.

Plaintiffs are 18 individuals who have brought suit against Gazaway, Travelers and 14 other named defendants and 15 unnamed John Doe defendants charging violation of the Securities Act of 1933 (The Securities Act) and the Securities Exchange Act of 1934 (The Exchange Act) and the rules and regulations promulgated thereunder, and the Laws of Mississippi.

The complaint alleges that each plaintiff has purchased an unregistered security in the form of a 12 month promissory note issued by defendant National Accounts Systems Association, Inc. (NASA), a Mississippi corporation owned and/or controlled by defendants Starco Corporation (Starco), a Delaware Corporation, and Charles J. Steen and his wife, Geraldine Steen (Steen), citizens and residents of Mississippi.

Plaintiffs charge that they were defrauded in the purchase of the securities and seek redress pursuant to the Federal statutes above mentioned, the Mississippi statutes relating to the sale of securities and in an action for common-law fraud. Plaintiffs charge that the court has jurisdiction pursuant to the provisions of 15 U.S.C. §§ 77v and 78aa and 28 U.S.C. § 1337.

Plaintiffs charge Gazaway and Travelers with aiding and abetting other defendants in the alleged fraudulent security transactions and with such direct fraudulent misrepresentations as to constitute common-law fraud. Plaintiffs also charge that Gazaway, while acting as agent for Travelers and The Continental Insurance Corporation (Continental), recklessly and negligently prepared and delivered to NASA, Starco and associated companies, letters describing certain insurance and fidelity bond coverage extended by Travelers and/or Continental to NASA, Starco, and associated companies when he knew or should have known that the letters contained untrue statements calculated to mislead the investing public.

Specifically plaintiffs charge that Gazaway, in his capacity as agent for Travelers, on October 24, 1973, prepared and delivered to Starco, a "Coverage" letter in which Gazaway listed the insurance and fidelity bond coverage which was being provided by Travelers for Starco and NASA. Gazaway advised that Travelers was providing insurance coverage for all Starco warehouses and service centers, as they were being established, which included fidelity bond coverage for each employee in the sum of $50,000.00, workmen's compensation, products liability, fire and extended risk coverage and premises liability. As to NASA, Gazaway advised that Travelers had a separate fidelity bond coverage on each of NASA's employees in the sum of $50,000.00.

Plaintiffs also charge that when Travelers cancelled the coverage Gazaway wrote the insurance with Continental also represented by him, and on April 17, 1974, sent a

---

[1]. Defendant Cummings, Gazaway and Scott, Inc., is charged with having acted in all matters pertinent to the issues involved herein through its agent Arthur James Gazaway, Jr. Reference herein to these defendants will be made collectively as "Gazaway". The Travelers Insurance Company and The Travelers Indemnity Company are members of the Travelers group. Reference to both will be made herein as "Travelers".

coverage letter to NASA certifying same or similar coverages with Continental and also that key personnel in NASA and all associated companies were covered under the fidelity bond for $1,000,000.00.

The record reflects that Travelers followed a procedure common in the industry and would not write parts of an account but would only write insurance for the entire operation. This practice was followed by Travelers in taking care of the insurance needs of Steen and the companies associated with him.

The record reflects that it is a common practice in the insurance industry for a soliciting agent, such as Gazaway, to furnish the insured, for the insured's records, a "coverage" letter denoting the coverage afforded the insured.

At the time of Gazaway's first contact with him, Steen had just started a business of a wholesale and retail car tire dealer. Steen informed Gazaway that his company, Starco Corporation (Starco), a Delaware corporation authorized to do business in the States of Alabama and Mississippi, would be rapidly expanding and the nature of its business operations would be to place small warehouses on existing tire dealers' premises and stock each warehouse with $30,-000.00 worth of Starco tires. A Starco employee in each warehouse would then sell tires as needed to the adjacent tire dealer enabling the tire dealer to have a $30,000.00 inventory without having a $30,000.00 investment. For this reason, so Gazaway was informed, Starco needed not only general liability, auto liability, fire and extended coverage, and workmen's compensation coverage but also needed fidelity bond coverage. Steen also requested that Gazaway issue a "coverage" letter, which Steen could show prospective tire dealers to prove that Starco's employees and business operations were adequately insured. It was in response to this request and for this reason that Gazaway issued the initial coverage letter of August 27, 1971.

Steen controlled the operations of Starco, NASA, National Account Services Associations, Inc., an Alabama Corporation, and Jackson Warehousing Certifying, Inc., a Mississippi Corporation. Gazaway and Travelers were told by Steen that NASA was to be the funding arm for Starco.

Subsequent to the initial contact of Gazaway with Steen, Starco warehouses were opened in many different locations in Alabama, Mississippi, Florida and Georgia. As these operations were extended Gazaway wrote coverage letters outlining the coverage with Travelers and subsequently with Continental on either an annual basis or when there were significant changes in coverage. The initial coverage letter of August 27, 1971, was followed by coverage letters of August 21, 1972, October 24, 1973, and finally the coverage letter of April 17, 1974, when the account was switched from Travelers to Continental.

During March, April and May, 1974, plaintiffs purchased from NASA certain unregistered securities in the form of 12 month promissory notes bearing interest at the rate of 15 per cent interest per annum. The investments made by plaintiffs proved to be worthless and plaintiffs seek to hold Gazaway, Travelers and the other defendants liable for damages on account of alleged violations of § 17 of the Securities Act of 1933 (15 U.S.C. § 77q) and Rule 10b–5–5x (10b–5) promulgated by the Securities Exchange Commission pursuant to the authority granted by § 10(b) of the Securities and Exchange Act of 1934 (15 U.S.C. § 78j). Plaintiffs also allege violations of the anti-fraud provision of Mississippi "Blue Sky" law. [See, Miss.Code Ann. § 75–71–43(b) (1972)]. Additionally, plaintiffs seek to hold defendants liable in an action of common-law fraud.

The activities of NASA in the sale of the notes were not known to either Gazaway or Travelers, and were committed without the knowledge or consent of either Gazaway or Travelers.

Gazaway and Travelers are not charged with the actual sale of the worthless notes but with aiding and abetting NASA in the sale thereof.

In respect to the issue presented by the motions for summary judgment, plaintiffs, in their memoranda, assert that the question is whether "there is a genuine issue of material fact as to whether Gazaway and Travelers knew or should have known that the letters were being utilized in connection with the purchase or sale of securities." The court cannot find any support in the record for the proposition that either Gazaway or Travelers knew that NASA was engaged in selling the securities in the form of the notes involved, or securities of any nature when the coverage letters were written. The records do not contain any substantial evidence that Gazaway or Travelers knew or should have known that the letters would be used to promote the sale of the notes.

Defendants rely heavily upon *Woodward v. Metro Bank of Dallas,* 522 F.2d 84 (5th Cir. 1975) and *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976). In *Woodward* the Fifth Circuit, speaking through Circuit Judge Goldberg, said:

> Thus, before someone can be caught within the net of aiding and abetting liability under Rule 10b–5, another party must have violated the securities laws, the alleged aider-abettor must be generally aware of his role in improper activity, and he must knowingly render substantial assistance. Without these limitations, the securities laws would become an amorphous snare for guilty and innocent alike. 522 F.2d 97.

In *Ernst,* the Supreme Court held that in order to sustain a private cause of action for damages the plaintiff must allege and prove "scienter", intent to deceive, manipulate or defraud. 425 U.S. at 193, 96 S.Ct. 1375.

Plaintiffs argue that n. 12 of the opinion in *Ernst* justifies the conclusion that it is not necessary to prove "conscious intent" to defraud in order to satisfy the scienter or knowledge requirements of *Ernst.* This note, in pertinent part, 425 U.S. at 194, 96 S.Ct. at 1381, states:

In this opinion, the term "scienter" refers to a mental state embracing intent to deceive, manipulate, or defraud. In certain areas of the law recklessness is considered to be a form of intentional conduct for purposes of imposing liability for some act. We need not address here the question whether, in some circumstances, reckless behavior is sufficient for civil liability under § 10(b) and Rule 10b–5.

Plaintiffs have cited a number of district court cases and one circuit court case recently decided to support the rule espoused by them that liability should be imposed upon Gazaway and Travelers if, on the trial, their acts and/or omissions evidence a reckless disregard for the facts or for the consequences of their acts or omissions. Among the cases cited are *Hoglund v. Covington County Bank,* F.Supp., Fed. Sec.L.Rep. (CCH Transfer Binder), paragraph 94,910 (M.D.Ala. Mar. 8, 1977); *In Re Clinton Oil Company Securities Litigation,* F.Supp., Fed.Sec.L.Rep. (CCH), paragraph 96,015 at page 91,556 (D.Kan. Mar. 18, 1977); *Stern v. American Bank Shares Corporation,* 429 F.Supp. 818 (E.D.Wis.1977); and *Sunstrand Corporation v. Sun Chemical Corp.,* 553 F.2d 1033 (7th Cir. 1977). Thus, plaintiffs argue that a genuine issue exists as to a material fact and the motions should be overruled. In opposition counsel for Gazaway has cited *Coleco Industries, Inc. v. Berman,* 423 F.Supp. 275 (E.D.Pa.1976).

■ District Judge Huyett distilled in *Coleco* from the *Ernst* case a rule of law which this court feels is applicable to the action sub judice. In *Coleco,* Judge Huyett said "we hold that to establish the element of scienter in an action brought under section 10(b) and Rule 10b–5, a party must prove injury resulting from a conscious deception or from a misrepresentation so recklessly made that the culpability attaching to such reckless conduct closely approaches that which attaches to conscious deception." 423 F.Supp. at 296.

■ It is clear to the court that the facts here do not warrant a holding that either Gazaway or Travelers was guilty of a conscious deception with regard to sale of the

notes by NASA. Nor was there made by either of them a misrepresentation in such a reckless manner as to create a culpability which closely approaches that which attaches to conscious deception.

In summary, the court finds that there does not exist in this action from the pleadings, depositions, affidavits, and answers to interrogatories, a genuine issue as to any material fact as to liability of either Gazaway or Travelers, and that they are entitled to judgment as a matter of law. Rule 56(c) Fed.R.Civ.P.

Since plaintiffs do not have a cause of action under the federal statutes and rules, the court lacks jurisdiction over plaintiffs' claims based on an alleged violation of Mississippi Securities law and/or of common-law fraud and those claims accordingly should be dismissed.

An appropriate order will be entered by the court.