CONTINENTAL ASSURANCE COMPANY, an Illinois Insurance Company, Plaintiff,

v.

AMERICAN BANKSHARES CORPORATION, a Wisconsin Corporation, Federal Deposit Insurance Corporation, a federal agency acting as Receiver for American City Bank & Trust Company, N. A., Colonial Bank & Trust Company, an Illinois Banking Corporation, Ernst & Ernst, a partnership, Harold L. Erickson, Walter F. Benz, William Bruce, III, John D. Cahill, Gerald S. Colburn, John De Belak, Raymond L. Callen, Peter F. Wegmann, Henry S. Lauterbach, Nicholas J. Lesselyoung, Harold F. Lichtsinn, W. Stanley Pearce, Clement J. Schwingle, James W. Sullivan, Robert J. Trecker, Richard D. Wright, Bernard D. Heifetz, Raymond E. Scroggins, William E. Wierdsma, Albert M. Deshur, Edward A. Korpady, Edward C. Radi, and Barrett S. Zuckerman, Defendants.

No. 76–C–248.

United States District Court, E. D. Wisconsin.

Nov. 7, 1977.

See also, D.C., 439 F.Supp. 798.

Irvin B. Charne, Howard A. Pollack, Charne, Glassner, Tehan, Clancy & Taitelman, S. C., Milwaukee, Wis., Harding A. Orren, Richard L. Voelbel, Robins, Davis & Lyons, Minneapolis, Minn., for plaintiff.

William H. Alverson, Godfrey & Kahn, Milwaukee, Wis., for Ernst and Ernst.

Robert E. Hackett, Jr., Hanley, Wedemeyer, Hackett, Cavanaugh & Doherty, Milwaukee, Wis., for Trecker.

Gregory J. Harrold, Levin, Blumenthal, Herz & Levin, S. C., Milwaukee, Wis., for Erickson.

Dominic S. Amato, Joseph F. Wreschring, Teper, Fiorenza, Weiss & Teper, S. C., Milwaukee, Wis., for Wiersdma.

Ronald L. Wallenfang, Quarles & Brady, Milwaukee, Wis., for Deshur, Heifetz, Korpady, Lauterbach, Lesselyoung, Lichtsinn, Pearce, Colburn, etc.

Richard L. Cates, John C. Carlson, Lawton & Cates, Madison, Wis., for Cahill.

David J. Cannon, Glenn A. Buse, Michael, Best & Friedrich, Milwaukee, Wis., for Wegmann.

Reuben W. Peterson, Jr., Borgelt, Powell, Peterson & Frauen, Milwaukee, Wis., James S. Gordon, Chicago, Ill., for Colonial Bank.

David E. Leichtfuss, Walter S. Davis, Clifford B. Buelow, Davis, Kuelthau, Vergeront, Stover & Leichtfuss, S. C., Milwaukee, Wis., for Benz and Wright.

William J. French, Gibbs, Roper, Loots & Williams, Milwaukee, Wis., for FDIC.

Howard A. Schoenfeld, Milwaukee, Wis., for Campbell.

John D. Bird, Jr., Churchill, Duback & Smith, Milwaukee, Wis., for Scroggins and Radi.

Michael A. Campbell, Donald A. Sands, Milwaukee, Wis., for Zuckerman.

Robert F. Cavanaugh, Milwaukee, Wis., for Sullivan.

## MEMORANDUM AND ORDER

WARREN, District Judge.

There are several motions attacking the sufficiency of the complaint pending in this action. There are twenty-seven named defendants to the complaint which originally consisted of sixteen counts. Counts, 3, 9, 13, 14, 15 and 16 have previously been dismissed and all motions attacking those counts are not moot. Counts 5 and 11 were also dismissed in a previous order by this Court which granted the plaintiff leave to amend. The amended complaint, which pertains only to Counts 5 and 11, was filed on January 19, 1977. All of the motions attacking Counts 5 and 11 were filed and briefed prior to the amendment being filed. The Court, therefore, will not address itself to any of the motions attacking the sufficiency of Counts 5 and 11. The Court, however, expresses no opinion on the sufficiency of the amended counts. Any motions attacking the sufficiency of Counts 5 and 11 in the amended complaint should be filed within 30 days of this order.

The motions presently pending will be segregated as to counts and dealt with in that order.

### I.—Count 1

Count 1 of the complaint seeks relief for violation of § 10(b) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. § 78j(b), and Rule 10b–5, 17 C.F.R. § 240.-10b–5. The motions attacking this count

advance three grounds for dismissal: (1) that fraud is not pleaded with the required specificity; (2) that a claim is not stated because scienter is not properly alleged, and (3) that a claim is not stated against the FDIC because recission is requested.

## A. Fraud

Count 1 alleges that the plaintiff was induced to purchase certain securities issued by the American City Bank. The defendants are alleged to have furnished the plaintiff with "certain financial statements, a private placement memorandum dated January 1973 prepared by Goldman, Sachs & Co., at the request of American City, an undated offering circular, and a note agreement" in order to induce the plaintiff to purchase the securities. These materials are alleged to have contained untrue statements in that:

(a) The statement of condition and related statements of earnings of American City for the year ending December 31, 1972, materially overstated American City's 1972 income.

(b) The financial statements for the year ending December 31, 1972, materially overstated the value of American City's loan portfolio.

(c) The financial statements for the year ending December 31, 1972, materially understated American City's loan loss reserve.

Subsequent allegations state that material information was omitted from the reports. Six instances of this material information are alleged.

■ The rigid requirements of Rule 9(b) to allege fraud with particularity, asserted by the defendants, must be balanced against Rule 8 which requires a short and plain statement of the claim. After reviewing the complaint and the briefs by all parties, the Court is of the opinion that the allegations of the complaint are sufficient to withstand the motion. The factual detail requested by the defendants in these motions can better be obtained through an effective utilization of the discovery process. The motions by the defendants which are based on Rule 9, must, therefore, be denied.

## B. Scienter

The principal attack on Count 1 made in the motions to dismiss is that it fails to allege the requisite scienter under *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976). The defendants contend that in order to properly plead an action under § 10(b), one must specifically plead an intent to defraud.

The allegations of the complaint material to these motions are as follows. The complaint states that the documents referred to above were prepared at the direction of the defendants; that they were given to the plaintiff with the approval and consent of the defendants; that each of the defendants knew or should have known that the documents were "materially misleading . . . and that the true facts concerning the financial condition of American City were not adequately, specifically and fully disclosed" and that each defendant knew or should have known that "the plaintiff would rely on the aforesaid documents furnished it in connection with its purchase of the capital notes." These allegations are sufficient to meet the Scienter requirements of *Hochfelder*.

The plaintiff, by employing the alternative language of "knew or should have known," has alleged different theories of recovery. Insofar as the complaint alleges that the defendants made representations to the plaintiff to induce it to buy securities knowing the representations were false and incomplete and knowing that the defendant would rely on the representations, the allegations clearly are sufficient to plead the requisite scienter of § 10(b). The knowing conduct alleged is the equivalent of an allegation of intentional deceit. The real issue before the Court is whether the alternative allegations of "should have known" are also sufficient under § 10(b).

■ The Supreme Court in *Hochfelder* held that mere negligent conduct was insufficient to establish a § 10(b) violation. The

question of whether reckless conduct could provide the necessary scienter was left unanswered. The Seventh Circuit has since resolved this issue for this circuit and has stated that reckless conduct can form the basis of a violation. *Sanders v. John Nuveen & Co., Inc.*, 554 F.2d 790 (7th Cir. 1977); *Sundstrand Corp. v. Sun Chemical Corp.*, 553 F.2d 1033 (7th Cir. 1977); *Bailey v. Meister Brau, Inc.*, 535 F.2d 982 (7th Cir. 1976); *Stern v. American Bankshares Corp.*, 429 F.Supp. 818 (E.D.Wis.1977).

The Seventh Circuit in *Sundstrand, supra*, defined recklessness in the context of omissions. It quoted from *Franke v. Midwestern Oklahoma Development Authority*, 428 F.Supp. 719 (W.D.Okl.1976):

> "reckless conduct may be defined as a highly unreasonable omission, involving not merely simple, or even inexcusable negligence, but an extreme departure from the standards of ordinary care, and which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it." 553 F.2d at 1045.

The Court went on to explain that:

> [u]nder this definition, the danger of misleading buyers must be actually known or so obvious that any reasonable man would be legally bound as knowing, and the omission must derive from something more egregious than even "white heart/empty head" good faith. While this definition might not be the conceptual equivalent of intent as a matter of general philosophy, it does serve as a proper legally functional equivalent for intent, because it measures conduct against an external standard which, under the circumstances of a given case, results in the conclusion that the reckless man should bear the risk of his omissions. *Id.*

The Court characterized the requirement that the defendant be aware of the danger or legally bound as being aware of the danger as an objective test. *Id.* at 1045 n.19. The later requirement of the omission deriving from something more than even "white heart/empty head" good faith was characterized as a subjective test which requires something more than the "inexcusable negligence" found in *Hochfelder*. *Id.* at 1045 n.20.

Applying this definition to the allegations of the complaint, the Court finds the complaint sufficient. The complaint alleges both misrepresentations and omissions of material facts.

 As to the omissions, the two tests listed in *Sundstrand* are met. The complaint alleges that the defendants knew or should have known that the plaintiff was relying on the documents being furnished by the defendants which purported to show the financial condition of American City Bank. This allegation meets the objective test of *Sundstrand, i. e.*, Knew or legally bound as knowing the danger of misleading the buyers. The subjective test is met by the allegation that the defendants knew or should have known that the documents were misleading in that they were incomplete. The "should have known" language is sufficient in this Court's opinion to allow proof of reckless conduct in this regard. If the plaintiff can establish that the defendants were reckless in adequately informing themselves of the accuracy and completeness of the documents furnished coupled with their actual or constructive knowledge of the plaintiff's reliance, it will have established the scienter requirement for liability under § 10(b). These allegations, which must be taken as true in dealing with the instant motions, are in the Court's estimation a proper legally functional equivalent for intent.

 Applying the concepts of recklessness stated in *Sundstrand*, a case of omission, to this case of misrepresentation, the Court finds the allegations sufficient. The functional equivalent of intent was found in *Sundstrand* where the defendant was cognizant of the danger of misleading the plaintiff or the danger was obvious, but nevertheless, acted recklessly or recklessly failed to act in his dealings with plaintiff. The complaint in this case alleges that the defendants knew of the plaintiff's reliance on

the representations made by the defendants, or they should have known, and that they knew the representations were false or should have known them to be such. As stated above, the Court finds the allegation of "should have known" sufficient to allow proof of reckless conduct. If the plaintiff can establish that the defendants acted recklessly in ascertaining the truth or falsity of their representations while cognizant of the plaintiff's reliance either actually or constructively, it will have established the functional equivalent of intent.

For the reasons stated above, the Court finds that the motions to dismiss Count 1 of the complaint for failure to allege the requisite scienter must be denied.

### C. Recission

The FDIC has argued that recission is an improper remedy in this case and that Count 1 should be dismissed insofar as that remedy is sought. The FDIC has been named as a defendant to this suit as the receiver of the American City Bank. It stands in the shoes of the bank and is liable for any damages which the bank would have been liable for, absent the appointment of the receiver. Any funds which may ultimately be paid to the plaintiff must be paid out of the assets of the bank which were transferred to the receiver.

The plaintiff apparently concedes that recission is not a remedy available to it. This fact, however, does not lead to a dismissal of Count 1. If liability is eventually established in this case, the plaintiff will be accorded the remedies to which he is entitled. The motion of the FDIC to preclude this remedy can more properly be addressed if and when liability is established and the motion will, therefore, be denied with leave granted to the defendant to renew the motion at a latter stage.

### II.—Count 2

Count 2 of the complaint alleges a violation of § 17(a) of the 1933 Securities Act. The defendants have moved to dismiss this count on the basis that § 17 does not provide a private right of action.

The defendants have cited several authorities in support of their position. *Reid v. Mann*, 381 F.Supp. 525 (N.D.Ill.1974), is relied on quite heavily. In the *Reid* case the court was faced with a complaint which alleged only an action under § 17. The court held that no private right of action existed. Prior to the *Reid* decision, the Seventh Circuit Court of Appeals held a § 17 action viable when asserted with a § 10(b) action. *Schaefer v. First National Bank of Lincolnwood*, 509 F.2d 1287 (7th Cir. 1975).

The Circuit Court, *Sanders v. John Nuveen & Co., Inc.*, 554 F.2d at 794, has again just recently noted the apparent conflicts but in doing so, they reaffirmed the holding of *Schaefer*.

Plaintiff argues that the judgment should be sustained under § 17(a) of the 1933 Act, although no reference was made to that issue in the judgment order of the district court. Plaintiff takes the position that the implication of a private civil right of action under § 17(a) of the 1933 Act is settled, relying in part on *Schaefer v. First National Bank of Lincolnwood*, 509 F.2d 1287 (7th Cir. 1975), cert. denied, 425 U.S. 943, 96 S.Ct. 1682, 48 L.Ed.2d 186 (1976), and *Surowitz v. Hilton Hotels Corporation*, 342 F.2d 596 (7th Cir. 1965), (dictum), rev'd on other grounds, 383 U.S. 363, 86 S.Ct. 845, 15 L.Ed.2d 807 (1966), but also recognizes that a contrary view exists, *Reid v. Mann*, 381 F.Supp. 525 (N.D.Ill.1974). Nuveen disputes that a private right of action may be maintained under § 17(a), relying in part on Judge Friendly's often quoted concurring opinion in *S. E. C. v. Texas Gulf Sulphur Co.*, 401 F.2d 833, 867 (2d Cir. 1968) (en banc), cert. denied sub nom. *Coates v. S. E. C.*, 394 U.S. 976, 89 S.Ct. 1454, 22 L.Ed.2d 756 (1968), and *Blue Chip Stamps v. Manor Drug*, supra, for the proposition that implied remedies should not be created if comparable express remedies are provided, such as § 12(2) of the 1933 Act. Plaintiff, on the other hand, interprets Blue Chip Stamps to imply that § 17(a) does give rise to a

private cause of action. However, in *Blue Chip Stamps* the Court stated that it was expressing "no opinion on whether § 17(a), in light of the expressed civil remedies of the 1933 Act, gives rise to an implied cause of action."

[5] For the purposes of this case we see no need to try to resolve those opposing views in an effort to decide whether a private right of action exists under § 17(a) where it no longer has the accompanying support of a viable 10b–5 claim as noted in *Schaefer v. First National Bank of Lincolnwood*, supra, and considered in *Reid v. Mann*, supra.

■ The last paragraph of the above quote indicates to this Court that, insofar as this circuit is concerned, a § 17 claim, when asserted with a claim under § 10(b), is not to be dismissed.

The motions to dismiss this count on the basis of a failure to allege fraud with particularity and a failure to properly allege scienter will also be denied for the reasons stated in part I of the opinion.

The motions to dismiss Count 2 of the complaint are, therefore, DENIED.

### III.—Counts 4 and 6

The motions to dismiss these counts from the complaint are based on: (1) a failure to allege fraud with particularity, (2) a failure to properly allege scienter, and (3) a lack of subject-matter jurisdiction.

■ The first two bases have already been discussed by the Court and found lacking. The jurisdiction of the Court over these counts is based on pendent jurisdiction. Having found a valid cause of action arising under the federal securities laws, the Court may and does assume jurisdiction over the related state claims.

The motions to dismiss Counts 4 and 6 are, therefore, DENIED.

### IV. Conclusion

For the reasons stated above, the motions to dismiss Counts 1, 2, 4 and 6 are DENIED.

So ordered this 7th day of November, 1977 at Milwaukee, Wisconsin.